Filed 8/28/14  P. v. Ross CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B255528 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA285996) |
| v. | |
| CHARLES ANTHONY ROSS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Anne H. Egerton, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

* * * * * *

Charles Anthony Ross appeals from the trial court's denial of his request for resentencing and "post-conviction *Romero*[1] motion." His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues. We have reviewed the entire record and find no arguable issue. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2005, appellant was convicted of robbery and assault by means of force likely to produce great bodily injury (Pen. Code, § 211;[2] former § 245, subd. (a)(1)) and sentenced under the "Three Strikes" law to an indeterminate term of 35 years to life. We affirmed his conviction in 2007. (*People v. Ross* (May 10, 2007, B188587) [nonpub. opn.].)

Proposition 36 (§ 1170.126) was passed in November 2012. Appellant filed two petitions in 2012 for a writ of habeas corpus seeking recall of his third strike sentence under Proposition 36 and dismissal of his strike prior convictions. (§ 1285.) The court denied his requests. It found appellant ineligible for recall under Proposition 36 because his current conviction for robbery was for a serious and/or violent felony and therefore he was statutorily excluded under the recall provisions.

Subsequently, appellant wrote two letters to the court asking the court to strike his prior strikes and sentence him to a term other than life under the Three Strikes law. Neither letter is part of the record on appeal, but the court summarizes his requests in its memorandum opinion ruling on the requests, dated February 4, 2014. The court held there was no basis to reconsider appellant's request for resentencing or to grant a postconviction *Romero* motion. The court reiterated appellant's conviction for a serious and/or violent felony disqualified him for resentencing under Proposition 36. Moreover, the court held it did not have authority to reconsider the sentencing court's ruling on appellant's original *Romero* motion, and besides, the sentencing court properly exercised

---

1   *People v. Romero* (1996) 13 Cal.4th 497 (*Romero*).

2   Further undesignated statutory references are to the Penal Code.

2

its discretion to deny the *Romero* motion in the first instance.  Appellant timely appealed from this February 4, 2014 denial order.[3]

## DISCUSSION

After counsel filed his *Wende* brief, appellant was notified he could submit any contentions or issues that he wished us to consider.  He did not file a supplemental brief.  From our review of the entire record, we are satisfied counsel has fully complied with his responsibilities and no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 123-124; *Wende, supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.

FLIER, J.

WE CONCUR:

RUBIN, Acting P. J.

GRIMES, J.

---

[3]     To the extent the court construed appellant's letters as a petition for recall of sentence, we note the appellate courts have reached conflicting conclusions on whether an order denying this type of petition is appealable, and the issue is currently under review by the California Supreme Court in *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708, and *In re Martinez* (2014) 223 Cal.App.4th 610, review granted May 14, 2014, S216922.  We need not decide this threshold issue and add to the debate.  Even if the order is not appealable, we could review the order by writ petition.